UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
**BLAKE WINGATE,**

               Petitioner,

        -against-

**ANTHONY ANNUCCI,**

               Respondent.

-----------------------------------------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM DECISION AND ORDER**
19-CV-04092-AMD

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUL 26 2019 ★
BROOKLYN OFFICE

**ANN M. DONNELLY,** United States District Judge:

The *pro se* petitioner, currently incarcerated at Auburn Correctional Facility, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) The Court grants the petitioner's request to proceed *in forma pauperis*. For the reasons that follow, the petition for a writ of habeas corpus is denied without prejudice.

## DISCUSSION

The petition is premature. Section 2254 empowers federal courts to review petitions for habeas relief only from persons who are "in custody pursuant to the *judgment* of a State court only on the ground that he is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). The statute requires the petitioner to "exhaust[] the remedies available in the courts of the State" before an application can be granted. 28 U.S.C. § 2254(b)(1)(A); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) ("[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus").

The petitioner alleges that his direct appeal is still pending in the state court. (ECF No. 1 at 2, 9, 11.) Accordingly, this petition is premature. The petitioner may file a new action after he has exhausted all state court remedies as to all grounds in the petition.[2]

## CONCLUSION

The petition is dismissed without prejudice. A certificate of appealability is not issued because the petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close this case.

**SO ORDERED.**

s/ Ann M. Donnelly
_____
Ann M. Donnelly
United States District Judge

Dated: July 25, 2019
      Brooklyn, New York

---

[2] A one-year period of limitation applies to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of: (a) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (b) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (c) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id.*